Dear Representative Michot:
You have requested an opinion from our office regarding the following issues:
 May the Louisiana Association of Convention and Visitor's Bureau retain either a public information officer or contract lobbyist for purposes of (1) providing general information to members of the legislature relating to tourism issues and (2) conducting lobbying activities on behalf of the Association relating to tourism issues.
As you are aware, Louisiana law does restrict the use of public funds and the activities of public employees for the purpose of lobbying. (See e.g. La. Const. Art. XII, § 4; LSA-R.S. 24:56; LSA-R.S. 42:1118; and LSA-R.S. 43:31.) It is also clear, however, that with regard to public funds or public employees, the above restrictions do not prohibit the dissemination of factual information. Please see the above citations and Attorney General Opinion Nos. 90-126 and 90-126(A).
In your request you provided relevant information regarding the Louisiana Association of Convention and Visitors Bureau ("Association"). You advise that the Association is a nonprofit corporation, the membership of which is limited to various convention and visitor bureaus of parishes and cities around the state. You further advise that the goal of the Association is to assist and enhance the activities and operations of those bureaus by providing information and coordination on a statewide and/or regional basis.
You, as well as a representative of the Association, further advise that neither the state nor any political subdivisions appropriate any funds or revenues to the Association and that the Association members voluntarily join the Association and pay specified annual dues which are the sole source of revenue.
Your letter also provided this office with the makeup of the Association, that is, a separate nonprofit entity with an executive director, administrative offices, legally independent from any agency of the state, or any of the parish or municipalities of any of its members. You have further advised that the Association is not a public entity subject to examination by the legislative auditor and its employees are not members of any public retirement system. You further advise that the Association was not created by any act, law or ordinance and is not subject to the state Procurement Code.
In Attorney General Opinion No. 98-40, a similar question was asked of this office in connection with the Louisiana School Board Association. That opinion concluded that the Louisiana School Board Association could pay for the services of a professional lobbyist in the absence of any law or regulation to the contrary. The factors addressed in that opinion are the same factors mentioned above with regard to the Association. Additionally, like the Louisiana School Board Association, the Association's employees are not elected or appointed by law, nor are they members of the public retirement system. The actions of its employees have not resulted in any liability to the state, nor have their actions been deemed "state actions" for purposes of federal law. Finally, as yet, the Association has never been found to be subject to the Louisiana Open Meetings Law, nor Louisiana's Public Records Act.
Again, as noted in Attorney General Opinion No. 98-40, the Association has provided the Legislature in the past with factual information. Even if its activities may not have been considered lobbying in the past, the Association's views certainly have reflected the views of the various convention and visitor's bureaus of the parish and cities around the state. The Legislature has not seen fit to specifically regulate its activity in this regard. The absence of such regulation for an activity that effects the body that is uniquely capable of subjecting it to regulation must be considered.
In conclusion, it is the opinion of this office that the Louisiana Association of Convention and Visitor's Bureau may retain either a public information officer or contract lobbyist for purposes of providing general information and conducting lobbying activities on behalf of the Association.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ Charles H. Braud, Jr. Assistant Attorney General
RPI:CHB:glb